

FILED
APR 2 1 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Civil Action No. 4:25 cv 403 JDK/JDL

TRACI SPRINGS,
Plaintiff,

v.

- Judge Lindsey Wynne, in her official and individual capacity;
  - Kaci Koslan, in her official and individual capacity;
  - Latrisha Spencer, in her official and individual capacity;
  - Sean Koppels, in his official and individual capacity;
  - Crystal Cato, in her official and individual capacity;
  - Megan Miller, in her official and individual capacity;
  - Kaily Haritos, in her official and individual capacity;
  - Corie McDonald, in her official and individual capacity;
  - Jennifer Castleman, in her official and individual capacity;
  - Robin Benton, in her official and individual capacity;
  - Alyson Dietrich, in her official and individual capacity;
  - Mark Johnson, in his official and individual capacity;
  - Brandi Underwood, in her official and individual capacity;
  - Loretta Keller, in her official and individual capacity;
  - Texas Department of Family and Protective Services (DFPS), for injunctive relief only;
  - Texas Health and Human Services Commission (HHSC), for injunctive relief only;

Defendants.

JURY TRIAL DEMANDED

## I. INTRODUCTION

"In a county where silence is protection and complicity is currency, this lawsuit is both sword and shield—born not of fear, but divine timing. Guided by the Creator and fueled by the unbreakable bond between a mother and her children, it dares to do what Collin County refuses to—tell the truth, demand justice, and protect the lives they've chosen to endanger."

This lawsuit arises out of the unlawful actions and constitutional violations committed by the Texas Department of Family and Protective Services (DFPS), the Texas Health and Human Services Commission (HHSC), the Collin County District Attorney's Office, CASA of Collin County, the Office of the Attorney Ad Litem, and the 468th Judicial District Court of Collin County. The Defendants, both individually and in their official capacities, participated in or enabled a pattern of systemic misconduct, including but not limited to religious discrimination, disability discrimination, denial of parental rights, violation of due process rights, unauthorized medical procedures, obstruction of justice, coercive psychological evaluations, suppression of evidence, and deliberate failure to protect children from ongoing abuse.

These actions were carried out under color of law and the false pretense of protecting children, yet instead resulted in catastrophic harm to the Plaintiff and her children emotionally, psychologically, and constitutionally. While this complaint is being drafted, Plaintiff's autistic children remain in immediate danger. The children previously suffered prolonged physical and psychological abuse for over eight months in their first foster care placement due to the collective failure of numerous mandated reporters named in this suit. Instead of fulfilling their legal duties, these individuals retaliated against the Plaintiff for whistleblowing and advocating for her children.

During a visit to the Plano Child Advocacy Center, Plaintiff discovered severe bruising on her four-year-old son, consistent with abuse, and immediately filed a police report with the Plano Police Department on November 28, 2024. A criminal investigation was opened, and the children were removed from the first abusive foster home and placed into a respite home. However, as this lawsuit is being filed, a second criminal investigation is underway following another report made by Plaintiff on April 11, 2025, after learning of additional physical and psychological abuse in the second foster placement. Once again, Plaintiff was forced to report the abuse herself after visiting her children at the Plano Child Advocacy Center.

The majority of the Defendants named in this complaint have known about the abuse for over a year and either enabled it, ignored it, or actively tried to silence the Plaintiff. Their collective inaction and misconduct have placed innocent autistic children in grave danger and constitute gross negligence, deliberate indifference, violations of due process and civil rights, and collusion to suppress the truth under color of law. These violations are actionable under 42 U.S.C. §§ 1983 and 1985.

Parallel to the Whitefeather case, where five Black children were horrifically enslaved, starved, and tortured by their white adoptive parents, Jeanne Whitefeather and Donald Lantz, with the negligent complicity of state actors, the treatment of Plaintiff's children in the custody of the Texas Department of Family and Protective Services reflects a modern-day equivalent of such inhumane and systemically racist oppression. In Plaintiff's case, her two young autistic sons were forcibly removed from her custody based on grossly misconstrued information and an improper investigation that lacked due diligence and fairness, and then placed into homes that were not equipped to care for children with special needs, where they were subjected to ongoing physical and psychological abuse for over a year. Rather than fulfilling their legal duty to protect vulnerable children and uphold the civil and parental rights of a Black mother, the state actors involved used their authority to suppress the abuse, retaliate against Plaintiff for whistleblowing, and violate her religious and cultural beliefs. Much like the children in the Whitefeather case, Plaintiff's children were reduced to state-controlled property—mistreated, mislabeled, and stripped of their human dignity. They were subjected to unauthorized medical and psychological procedures without informed consent, and deprived of any meaningful connection to their cultural, spiritual, or familial identity. These actions mirror the historical trauma and dehumanization of enslaved Black children and families, now repackaged through the modern machinery of family court, CPS, and its so-called partners. The chilling similarity lies not only in the suffering of innocent Black children under state watch, but in the blatant disregard for their pain, the cover-ups by mandated reporters, and the bureaucratic complicity that allowed such harm to persist unchallenged for over a year. The Plaintiff's case exposes the evolving face of institutionalized oppression—where racial bias, ableism, and government power intersect to destroy families, violate constitutional rights, and shield the perpetrators from accountability under color of law.

## II. PARTIES

Plaintiff, Traci Springs, is a resident of Plano, Texas. She is the mother of Yuri Byrd and Yohannes Davis, who were taken into CPS custody on March 12, 2024. Plaintiff suffered severe emotional distress as a result of the abuse her children endured while in foster care and the violations of her constitutional rights.

## III. AFFECTED PARTIES

Jomokenyatta Barnett, the father of Yohannes Davis, was deeply affected upon learning of the abuse Yohannes Davis and Yuri Byrd suffered while in foster care. While Mr. Barnett was incarcerated and under duress, CASA worker Mark Johnson attempted to coerce him into signing over his parental rights. Mark Johnson falsely told Mr. Barnett that Traci Springs was signing over her own parental rights in an effort to manipulate Mr. Barnett into doing the same.

Sunijha Davis, the adult daughter of Plaintiff and mother of Majesteigh Davis, suffered emotional distress when her infant daughter was taken by CPS without sufficient probable cause. She was also devastated by the abuse of her younger brothers, Yuri Byrd and Yohannes Davis.

Majesteigh Davis, Plaintiff's granddaughter and infant daughter of Sunijha Davis, was wrongfully taken by DFPS and placed in foster care.

Yuri Byrd and Yohannes Davis, both autistic children, suffered long-term psychological harm, trauma, and educational setbacks due to abuse in foster care. Yohannes Davis was also placed in daycare for nearly eleven months without being re-enrolled in school where he could receive special education accommodations.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as this case involves federal questions regarding civil rights violations.

Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims occurred in Collin County, Texas.

## V. CLAIMS FOR RELIEF

### COUNT 1: RELIGIOUS DISCRIMINATION UNDER 42 U.S.C. § 1983

Plaintiff has sincerely held religious beliefs that prohibit certain medical procedures and psychotropic drugs.
Defendant Kaci Koslan , violated Plaintiff's rights by authorizing procedures for Plaintiff's children

without honoring her religious objections, despite her repeated formal objections.

Case 4:25-cv-00403-JDK-JDL    Document 1    Filed 04/21/25    Page 5 of 13 PageID #: 5

## COUNT 2: VIOLATION OF DUE PROCESS AND PARENTAL RIGHTS (14TH AMENDMENT)

Defendants violated Plaintiff's due process rights under the 14th Amendment by removing her children based on mischaracterized and inaccurate information, without sufficient investigation or evidence. Their actions disregarded Plaintiff's rights as a parent and caused severe emotional and psychological harm to her and her children.

## COUNT 3: DISABILITY DISCRIMINATION UNDER SECTION 504 OF THE REHABILITATION ACT AND THE ADA

Plaintiff's children, Yuri and Yohannes, are both autistic and require accommodations and specialized care.
Defendants failed to provide appropriate services or protections, and failed to recognize or respond to the children's disabilities, in violation of federal disability laws.

## COUNT 4: FAILURE TO PROTECT CHILDREN FROM ABUSE

Defendants failed to protect Plaintiff's children from abuse while they were in DFPS custody. Plaintiff repeatedly reported the abuse to the appropriate authorities, including the Plano Police Department. Officer Arredondo, after being shown pictures of the bruises on Yohannes, filed a report that led to the removal of Plaintiff's children, Yuri Byrd and Yohannes Davis, from the abusive foster home. Despite this, Defendants ignored Plaintiff's repeated complaints, and no thorough investigation was conducted until the damage had already been done, causing significant harm to the children. The majority of the Defendants were aware of the abuse early in the case, but left the children in the same abusive foster home for over 8 months.

## COUNT 5: RETALIATION AND BIAS IN SUPPRESSION OF ABUSE REPORTS

All Defendants engaged in biased, retaliatory, and coordinated efforts to suppress evidence of child abuse, despite their legal duties as mandated reporters. Their inaction was not only neglectful but purposefully suppressive, meant to cover up the truth and shield the agencies from liability.

---

## VI. DEFENDANTS' SPECIFIC VIOLATIONS

Robin Benton – Suppressed and altered April 22, 2024, court transcript; omitted statements

disclosing suspected child abuse made by Plaintiff and attorney Jennifer Castleman; coordinated with District Attorney Alyson Dietrich and Judge Lindsey Wynne to redact key portions of the hearing record; concealed evidence essential to Plaintiff's federal claims; acted in conspiracy with judicial and prosecutorial officials to obstruct justice and deprive Plaintiff of constitutional rights under 42 U.S.C. § 1983.

Judge Lindsey Wynne – Failed to report suspected child abuse disclosed in open court on April 22, 2024; allowed the alteration and suppression of the official court transcript containing material abuse disclosures; refused to order investigation or protection for Plaintiff's children despite evidence of harm; demonstrated judicial bias, retaliation, and disregard for Plaintiff's constitutional rights; contributed to the ongoing child abuse and deprivation of due process, violating Plaintiff's rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

District Attorney Alyson Dietrich – Directed or approved alteration and suppression of April 22, 2024, court transcript to conceal disclosures of child abuse; failed to report suspected abuse as a mandated reporter despite being present at the hearing; colluded with the court reporter to omit key evidence; violated prosecutorial ethics and due process; enabled continued abuse of Plaintiff's children; acted under color of state law to deprive Plaintiff of constitutional rights protected under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Mark Johnson – Failed to report suspected child abuse during the April 22, 2024, court hearing as mandated by Texas Family Code § 261.101; knowingly perjured himself in court on March 31, 2025, regarding conversations with Mr. Barnett; attempted to coerce Mr. Barnett into relinquishing parental rights under duress; misused his position to obstruct justice and manipulate court outcomes; acted under color of state law to deprive Plaintiff and Mr. Barnett of constitutional rights protected under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Kaci Koslan (DFPS/CPS Caseworker)-Knowingly authorized immunizations for Plaintiff's children despite Plaintiff's religious objections and falsely testified under oath in 2025 regarding her authorization; failed to report suspected child abuse in foster care in November 2024, violating Texas Family Code § 261.101; suppressed evidence of abuse and delayed intervention; acted with deliberate indifference, contributing to continued abuse and trauma; violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Brandi Underwood (Appointed Ad Litem)-Failed to report suspected child abuse during the April 22, 2024, court hearing as mandated by Texas Family Code § 261.101(b); neglected her statutory duties as an advocate for the children's best interests, allowing continued abuse in foster care; shielded court officials from accountability by withholding key evidence; violated professional

ethics and constitutional rights of the Plaintiff's children under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Megan Miller (Appointed Ad Litem for Majesteigh Davis)-Present during the April 22, 2024, court hearing where allegations of child abuse were raised by Plaintiff's attorney; failed to report suspected abuse as mandated by Texas Family Code § 261.101 despite her role as a court-appointed ad litem and mandated reporter; neglected her duty to act in the best interest of the child; enabled continued abuse by remaining silent and taking no protective action; violated professional and statutory obligations; acted under color of state law to deprive Plaintiff and her children of constitutional rights protected under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Sean Koppels (CPS Investigator, DFPS)-Present during the April 22, 2024, court hearing in which abuse allegations were raised by Plaintiff's attorney; failed to investigate or report suspected abuse as required by Texas Family Code § 261.101 and DFPS protocol; took no protective action despite being a trained CPI Investigator and mandated reporter; displayed deliberate indifference to the safety of Plaintiff's children; contributed to their prolonged exposure to abuse in foster care; acted under color of state law to violate Plaintiff's and her children's constitutional rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Latrisha Spencer (CPS Investigator, DFPS)-Present at the April 22, 2024, hearing where abuse allegations were disclosed; failed to report or investigate the claims in violation of Texas Family Code § 261.101; previously placed Plaintiff's autistic sons in an unqualified foster home with no autism training or disclosure; facilitated abuse through inappropriate placement and lack of oversight; demonstrated gross negligence and deliberate indifference to the needs of disabled children; violated Plaintiff's and her children's rights under the Fourteenth Amendment, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.

Crystal Cato (CPS Supervisor, DFPS)-Supervised Kaci Koslan, who was assigned as Plaintiff's CPS caseworker during the DFPS investigation; received multiple complaints from Plaintiff regarding child endangerment, constitutional violations, and discrimination; failed to take corrective action or investigate reported misconduct; allowed violations to persist through gross negligence and supervisory inaction; enabled the concealment of abuse and unlawful placement of Plaintiff's autistic children in an unfit foster home; acted under color of state law with deliberate indifference to Plaintiff's and her children's rights; violated the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Kaily Haritos (Civil Rights Specialist, HHSC)-Assigned to investigate Plaintiff's formal civil rights complaint against DFPS agents Kaci Koslan and Latrisha Spencer; failed to conduct a thorough or

impartial investigation; relied solely on unverified accounts from the accused parties; refused to accept or review the remainder of Plaintiff's supporting evidence; obstructed the civil rights process by suppressing material evidence; colluded in shielding DFPS from liability; deprived Plaintiff of due process and equal protection under the law; violated Title II of the ADA, Section 504 of the Rehabilitation Act, and the First and Fourteenth Amendments under 42 U.S.C. § 1983.

Jennifer Castleman (Former Court-Appointed Attorney for Plaintiff) -
Represented Plaintiff during DFPS/CPS proceedings; failed to report suspected abuse disclosed in open court on April 22, 2024, despite being a mandated reporter under Texas Family Code § 261.101; failed to act on claims of judicial racial bias expressed privately to Plaintiff regarding Judge Lindsey Wynne; refused to escalate serious concerns to oversight authorities; provided ineffective assistance of counsel; contributed to the ongoing endangerment of Plaintiff's children and deprivation of Plaintiff's due process rights; acted under color of state law to violate Plaintiff's rights under the First, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Loretta Keller (Court-Appointed Attorney for Sunijha Davis) –
Present at court hearing on April 22, 2024; failed to report suspected child abuse disclosed during proceedings, in violation of mandatory reporting duties under Texas Family Code § 261.101; attempted to coerce Sunijha Davis into providing false testimony against her mother, the Plaintiff, in exchange for the return of her child; stated she had a personal relationship with Judge Lindsey Wynne and could influence the outcome if Sunijha complied; acted under color of state law to interfere with the Plaintiff's parental rights, contributed to due process violations, and violated the Plaintiff's rights under the First, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

Corie McDonald (Supervisor, HHSC Civil Rights Office) - Supervised Kaily Haritos during Plaintiff's civil rights investigation against DFPS; refused Plaintiff's request to submit additional key evidence, stating it was unnecessary despite serious allegations of religious and disability discrimination; failed to ensure an impartial or complete investigation; ignored signs of procedural failure and investigator misconduct; enabled the suppression of material evidence and dismissal of legitimate claims; acted with deliberate indifference to Plaintiff's civil rights; contributed to ongoing harm and state cover-up; violated the First and Fourteenth Amendments, the ADA, and 42 U.S.C. § 1983.

Texas Department of Family and Protective Services (DFPS)-
Engaged in systemic abuse, religious and disability discrimination; allowed unlawful placements, covered up abuse, and violated Plaintiff's constitutional rights under color of state law.

Texas Health and Human Services Commission (HHSC)-
Failed to uphold civil rights protections; suppressed evidence; oversaw a biased investigation that

## VII. RELIEF REQUESTED

Plaintiff Seeks the Following Relief

Plaintiff brings this action seeking justice, accountability, and transformative relief following a pattern of egregious civil rights violations, state-sanctioned abuse, systemic discrimination, and denial of due process. In light of the severe and ongoing harm suffered by Plaintiff and her children —and the dangerous precedent such unchecked misconduct creates for other vulnerable families— Plaintiff respectfully seeks the following relief:

---

Compensatory Damages – $277,000,000

To address the extensive physical, emotional, psychological, familial, educational, and economic harm—including prolonged emotional distress—endured by Plaintiff and her minor children:
- $100,000,000 – For trauma, emotional distress, and psychological harm suffered by Plaintiff's children while in state custody and foster care, directly resulting from the actions of DFPS and affiliated state employees.
- $75,000,000 – For emotional distress, psychological harm, reputational damage, and loss of livelihood suffered by Plaintiff, caused by targeted retaliation, interference with parental rights, and systemic failures.
- $50,000,000 – For destruction of family unity, cultural disruption, and interference with the parent-child relationship resulting from unjust removals and prolonged state custody.
- $27,000,000 – For educational loss, deprivation of civil rights, and the long-term impact on Plaintiff's family structure and legacy.
- $25,000,000 – For violations of Plaintiff's constitutional rights, including the right to family integrity, due process, and freedom from racial and disability discrimination committed by DFPS employees, HHSC, judicial officers, and prosecutorial actors.

---

Punitive Damages – $300,000,000

To punish the named Defendants for malicious acts, deliberate indifference, and abuse of authority, and to deter future misconduct:

- $150,000,000 – Against DFPS, HHSC, and responsible staff for systemic abuse, concealment, and discriminatory practices that inflicted avoidable trauma on Plaintiff's family.
- $100,000,000 – Against Judge Lindsey Wynne, Alyson Dietrich, and other Collin County officials for gross misconduct, institutional bias, and coordinated civil rights violations through improper hearings, suppression of evidence, and retaliation.
- $50,000,000 – Against individual DFPS workers and court-affiliated professionals—including Kaci Koslan, Latrisha Spencer, Sean Koppels, and others—who knowingly violated mandatory reporting laws, fabricated records, or enabled false testimony.

---

Injunctive and Equitable Relief – $100,000,000

To provide long-term safety, oversight, and reform for Plaintiff and others similarly situated:
- $50,000,000 – For the establishment and operation of an independent federal oversight body to monitor DFPS child placement decisions, investigate civil rights violations, and track discriminatory practices in family court proceedings.
- $25,000,000 – To fund legal protections, independent monitoring, and structural reforms specific to Collin County's child welfare system, including judicial and prosecutorial conduct.
- $25,000,000 – For the creation of community-based trauma recovery and family reunification programs for families affected by state custody trauma and civil rights violations across Texas.

---

Structural and Oversight Reform – $50,000,000

To support long-term policy change and judicial accountability:
- $30,000,000 – For a comprehensive federal audit of DFPS policies, child removal procedures, and the agency's handling of complaints and misconduct.
- $10,000,000 – To establish civil rights data collection and outcome tracking systems related to racial bias, judicial rulings, and family court outcomes in Texas.
- $10,000,000 – For the creation of a whistleblower protection fund and pro bono litigation support infrastructure for similarly situated parents and advocates confronting retaliation.

---

Financial Allocation for Direct Recovery and Rehabilitation – $50,000,000

To secure Plaintiff's long-term healing, safety, and family restoration:

- $20,000,000 – For relocation, housing, private security, and protective infrastructure to shield Plaintiff and her family from further retaliation or harassment.
- $15,000,000 – For lifetime therapeutic and trauma recovery services for Plaintiff, her children, and impacted extended family members.
- $10,000,000 – For educational restitution, private tutoring, and long-term family healing retreats to repair the intergenerational damage caused.
- $5,000,000 – For legal, forensic, and investigative expenses incurred in pursuing this federal action and uncovering systemic civil rights violations.

Additional Relief

- Full reimbursement of all litigation costs, court fees, and expenses associated with bringing this case
- Return of all children who were removed from Plaintiff's home to her custody
- Any other relief the Court deems just, proper, and necessary to restore Plaintiff's rights and prevent future harm to similarly situated families

Settlement Consideration and Negotiation

Plaintiff acknowledges the complexity and gravity of this matter and respectfully presents the total relief sought as a comprehensive framework for restitution, protection, and systemic reform—not merely as financial compensation. Plaintiff remains open to engaging in meaningful settlement discussions that prioritize:
- The immediate safety and reunification of her family
- Access to long-term therapeutic, housing, and protective services
- Transparent accountability for past misconduct
- Collaborative solutions to prevent similar constitutional violations against other families

While Plaintiff seeks $777,000,000 in total relief, she welcomes alternative pathways to resolution that offer real healing, justice, and institutional change. Plaintiff is committed to resolving this matter in a way that upholds her rights, restores her family, and promotes public trust in the systems designed to protect children and families.

Total Relief Sought: $777,000,000

## VIII. EXHIBITS

1. Police report filed with Plano Police for the bruises on Yohannes' body. (Exhibit 1)
2. HHSC Civil Rights Office denial letter regarding discrimination claims.(Exhibit 2)
3. Pictures of bruises on Yohannes' arm. (Exhibit 3)
4. Pictures of bruises on Yohannes' legs.(Exhibit 4)
5. Immunization waiver for Yuri Byrd. (Exhibit 5)
6. Text message confronting Kaci Koslan for failure to report the abuse. (Exhibit 6)
7. Yohannes' Evaluation from Plano ISD. (Exhibit 7)
8. Yuri's IEP (Individualized Education Program). (Exhibit 8)
9. Text message of Kaci Koslan debating with attorney Jennifer Castleman regarding Plaintiff's religious rights.(Exhibit 9)
10. Text message regarding psychiatric hospitalization and psychotropic medication for Yuri Byrd. (Exhibit 10)
11. Email correspondence with Kaily Haritos and Corie McDonald evidencing obstruction, delay, and avoidance in the transmission and receipt of key exculpatory evidence intended for a thorough investigation .(Exhibit 11)
12. Immunization Record for Yuri Byrd showing that immunizations were authorized while in DFPS custody.(Exhibit 12)
13. Immunization Record for Yohannes Davis showing that immunizations were authorized while in DFPS custody.(Exhibit 13)
14. 2nd Police Report Filed pertaining to ongoing and current abuse in the 2nd Foster Home. (Exhibit 14)
15. Email correspondence between Robin Benton and Plaintiff. (Exhibit 15)

## IX. VERIFICATION

I, Traci Springs, hereby verify that the facts stated in this Complaint are true and correct to the best of my knowledge and belief.

Executed on this 21st day of April, 2025.

Signature: _____

Name: Traci Springs
PO Box 12108
Austin, TX 78711
tracisprings@yahoo.com
(254)498-8444

## X. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order and Request for Injunctive Relief, along with all supporting attachments, will be served by the United States Marshals Service on all named Defendants in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure.

Please see the attached page listing all Defendants to be served in this case.

Executed on this 21st day of April, 2025.

Signature: _____
Name: Traci Springs