IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRACI SPRINGS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:25-CV-00403-JDK |
| v. | § § § | |
| JUDGE LINDSEY WYNNE, KACI KOSLAN, LATRISHA SPENCER, SEAN KOPPELS, CRYSTAL CATO, MEGAN MILLER, KAILY HARITOS, CORIE MCDONALD, JENNIFER CASTLEMAN, ROBIN BENTON, ALYSON DIETRICH, MARC JOHNSON, BRANDI UNDERWOOD, LORETTA KELLER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § § | |
| Defendants. | | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Traci Springs, proceeding pro se, brought the instant civil action on April 21, 2025. (Doc. No. 1) Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP") in this action. (Doc. No. 5.)

Plaintiff filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983 against Defendants Lindsey Wynne, Kaci Koslan, Latrisha Spencer, Sean Koppels, Crystal Cato, Megan Miller, Kaily Haritos, Corie McDonald, Jennifer Castleman, Robin Benton, Alyson Dietrich, Mark Johnson, Brandi Underwood, Loretta Keller, the Texas Department of Family and Protective Services (DFPS), and the Texas Health and Human Services Commission (HHSC)

1

(collectively "Defendants"). Plaintiff's factual allegations, construed liberally, relate to her minor autistic children Y.D. and Y.D. being removed from her custody on March 12, 2024, taken into CPS custody, and placed into foster homes. (Doc. No. 1.) Plaintiff alleges that her children have been abused in foster care and that during a visit with the Plano Child Advocacy Center, she discovered bruising on her four-year-old son consistent with child abuse. (Doc. No. 1, at 2.) Plaintiff alleges that she filed a police report on November 28, 2024, a criminal investigation was opened, and the children were moved to a new foster home. *Id.* Plaintiff alleges that she filed a second criminal complaint on April 11, 2025 in conjunction with this lawsuit. *Id.* Plaintiff alleges that her children have been "enslaved, starved, and tortured" by their white adoptive parents and that DFPS is involved in inhumane and systemic racist oppression. *Id.* at 3. Plaintiff alleges that the removal of custody was based on misinformation and an improper investigation. *Id.* Plaintiff further alleges that the foster homes were not equipped to deal with her sons' special needs and that she has been retaliated against by whistleblowing. *Id.* She further alleges that the state has violated her religious freedoms by engaging in the unauthorized medical treatment of her children. Plaintiff generally implies that there is racial animus in these actions and that her children's disabilities are not being adequately accommodated by the state. *Id.*

Based on these allegations, Plaintiff alleges the following claims: (1) religious discrimination under § 1983; (2) violation of procedural due process under the Fourteenth Amendment for removal of her children; (3) disability discrimination under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act; (4) violation of the Fourteenth Amendment for failure to protect; and (5) retaliation. Plaintiff includes a line describing each Defendants' involvement in these alleged violations. *Id.* at 6–8. Plaintiff seeks $777,000,000 in damages and return of custody of her children. *Id.* at 11.

The court reviewed these allegations initially and ordered Plaintiff to amend her complaint. (Doc. No. 6.) It was not immediately apparent from her original pleadings that Plaintiff was challenging the custody of her children related to an ongoing state court proceeding implicated by her claims. However, since that time, Plaintiff filed an emergency motion to stay state court proceedings, specifically seeking to stay a termination of parental rights trial set for April 29, 2025 in state court based upon her federal claims asserted in his matter. (Doc. No. 8.)

In general, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1948). However, claims brought pursuant to 42 U.S.C. § 1983 such as Plaintiff's due process claims have excepted "an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972)). Thus, while the court has authority to enjoin the state court proceedings when a § 1983 claims is asserted, Plaintiff's claims for injunctive relief implicate abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Indeed, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [*Younger* abstention] also applies 'when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government.'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008).

*Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212,

222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal citations omitted).

This case satisfies all three elements of *Younger* abstention as Plaintiff has requested a stay of proceedings prior to entry of a final state court judgment. Because the termination trial is set for April 29, 2025 and has not yet occurred, exercise of jurisdiction would interfere to the extent this case implicates those ongoing state judicial proceedings. *See Machetta v. Moren*, No. 4:16-CV-2377, 2017 WL 2805192, at *5 (S.D. Tex. Apr. 13, 2017) (stating that a Texas family trial court retains ongoing jurisdiction to modify a child custody order), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017), *aff'd*, 726 Fed. App'x. 219 (5th Cir. 2018). Further, courts in Texas, including the Fifth Circuit, have found that child custody issues are important state interests. *DeSpain v. Johnston*, 731 F.2d 1171, 1179 (5th Cir. 1984) ("Child welfare has long been a recognized area of state concern."); *Stewart v. Nevarez*, No. 4:17-CV-00501-O-BP, 2018 WL 507153, at *2 (N.D. Tex. Jan. 23, 2018) ("child custody and child support are important state interests."). Additionally, the Texas state court system presents an adequate opportunity to raise her constitutional challenges. *DeSpain,* 731 F.2d at 1179 (concluding that a constitutional challenge could be raised in Texas state proceedings to remove a child and therefore provides an adequate opportunity to present the federal claims in state court).

Further, given the ongoing nature of the state court proceedings, the court is aware that some, if not all, of Plaintiff's federal claims for monetary damages may face jurisdictional problems once a judgment of the state court is entered. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). At this time, those claims are being held in abeyance pending any amendment that would clarify the issues of jurisdiction. Given that the court is now aware of this ongoing state court proceeding, any such amended complaint should include the status of that proceeding and whether a state court judgment has been entered. In this regard, the court is only referring to Plaintiff's claims that are her own. Any claims brought on behalf of her minor children still must be addressed by showing that Plaintiff may proceed with those claims pro se or through finding a lawyer to represent her minor children, as directed in the court's prior order. (Doc. No. 6.)

For these reasons, the court **RECOMMENDS** that Plaintiff's motions for injunctive relief (Doc. Nos. 2, 8) be **DENIED** and that Plaintiff's claims for declaratory and injunctive relief be **DISMISSED** without prejudice as barred by the *Younger* abstention doctrine. Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded*

*by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of April, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE